## (June 14, 1968)

■ SYDNEY SCHANBERG, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 44000.) — HERLIHY, J. Appeal by the State from a judgment of the Court of Claims awarding the sum of $20,013.33 to the claimant for personal injuries. The closely contested factual issues on the trial were the question of a negligent condition existing in a porcelain water faucet handle and the manner in which this handle was utilized by the claimant. The resolution of the issue as to the amount of force which the claimant exerted on the handle is relative both to the question of whether or not a negligent condition existed and to the question of freedom from contributory negligence. The claimant testified to the effect that he merely used the handle as one would ordinarily use such a handle in simply turning off a water faucet. However, he also testified that he had on previous occasions observed that the water faucet leaked and that on previous occasions he had attempted to stop the leak by turning the handle, but had only been successful in reducing the flow of the leak. The court refused the introduction in evidence of an entry in a hospital record which described the use of the handle by claimant and which was offered as an admission against interest. The claimant's physician said that a statement as to how the injury occurred was essential to diagnosis and treatment and upon this record the entry should have been admitted in evidence. (See *People* v. *Conde,*

16 A D 2d 327, 330; CPLR 4518.) Since the hospital entry characterizes the claimant's action as "forcing" the handle, and the amount of force used by the claimant was relative and material as to his cause of action, the refusal of the court to admit this evidence was prejudicial to the State and requires a new trial at which the exhibit may again be offered and the claimant afforded an opportunity to question its accuracy or weight. The admissibility of the State's exhibits "L" and "DD" will depend upon a proper showing of facts and circumstances permitting a finding that the contents thereof are an "admission" by the claimant. Judgment reversed, on the law and the facts, without costs, and a new trial granted. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J. [53 Misc 2d 116.]