■ GUISEPPE SANTUCCI et al., Appellants-Respondents, v GOVEL WELDING, INC., Respondent-Appellant.—Kane, J. P. Cross appeals from a judgment of the Supreme Court (Kahn, J.), entered July 11, 1989 in Albany County, upon a verdict rendered in favor of plaintiff Guiseppe Santucci.

In October 1982 plaintiff Guiseppe Santucci (hereinafter plaintiff), an employee of King Construction Company, sustained a crushing injury to his right foot when a steel shaft weighing approximately 350 pounds dropped from the tailgate of a truck while being unloaded at defendant's premises. As a result, plaintiff's second toe was surgically removed, together with the tip of the big toe. After a recovery period of three months, plaintiff was able to return to his employment for light work. Two years later, in 1984, plaintiff left his employment, at which time he was earning $500 per week. Thereafter, plaintiff, along with his wife, commenced this action against defendant alleging, *inter alia,* negligent removal and placement of the steel shaft by defendant's employees. At the time of the trial, plaintiff was earning $508 per week. Plaintiff offered evidence at trial of his pain and suffering, his difficulty in performing his duties after the accident, as well as his inability to carry out his normal household tasks. He also presented the testimony of a professional economist to establish, *inter alia,* the present value of lost past and future wages and benefits. The jury returned a verdict apportioning liability

45% to plaintiff and 55% to defendant, and awarded plaintiff a total sum of $36,666 for pain and suffering and loss of earnings, with no award to his wife in her derivative cause of action.

On appeal, plaintiff seeks a new trial on the issue of damages contending that (1) the verdict was inadequate, (2) it was error for Supreme Court to admit into evidence an unredacted hospital record containing plaintiff's description of the accident, and (3) the court erred in denying plaintiff permission to conduct a reenactment of the accident in the presence of the jury. Defendant cross-appeals, asserting that the verdict as to its liability was against the weight of the evidence.

As to the amount of the verdict, we agree that compared with the amount of damages awarded in somewhat similar cases, it is low. However, in order for this court to exercise its discretion and disturb the award of a jury, be it inadequate or excessive, the amount awarded must be found to "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]). Moreover, the Trial Judge, having the advantage of observing the witnesses and their demeanor on the witness stand, is in a far better position to assess the impact of any witness upon a jury as it passes upon the various issues of credibility, as well as any interest in the outcome of the litigation and the reliability of any witness's observations, lay or expert *(see, Figliomeni v Board of Educ.,* 38 NY2d 178, 183; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.10). Accordingly, and upon this record, we do not find this verdict to be so disproportionate to the injury sustained as to comprise unreasonable compensation *(see,* CPLR 5501 [c]).

As to the admission of the unredacted hospital record containing plaintiff's description of the accident, the record clearly demonstrates that plaintiff's treating physician found this statement helpful in making a diagnosis. Under such circumstances, any objection by plaintiff would be addressed to the weight of that evidence, not its admissibility *(see, People v Davis,* 95 AD2d 837; *Schanberg v State of New York,* 30 AD2d 712).

We also find no abuse of discretion in Supreme Court's refusal to allow a reenactment of the accident, since the conditions under which such a demonstration would be performed were not identical to or substantially the same as existed at the time of the occurrence of the event *(see, Uss v Town of Oyster Bay,* 37 NY2d 639; *Weinstein v Daman,* 132 AD2d 547, *lv dismissed* 70 NY2d 872, 951).

Finally, we find no merit to defendant's argument on its cross appeal that the verdict of the jury is against the weight of the evidence and should have been set aside *(see, Gallagher's Stud v Fishman,* 156 AD2d 50, 53).

Judgment affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.