■ In the Matter of LOIS F., an Incapacitated Person. RUTH F., Appellant; CAROL W. WALLACE, as County Commissioner of Social Services of the County of Greene, Respondent. [618 NYS2d 920] —Mercure, J. P. Appeals (1) from an order and judgment of the County Court of Greene County (Lalor, J.), entered August 25, 1993, which, in a proceeding pursuant to Mental Hygiene Law article 78, appointed respondent as the guardian of Lois F., and (2) from an amended order and judgment of said court, entered May 24, 1994, which, *inter alia,* denied petitioner's motion for increased visitation and access to the medical reports of Lois F.

In July 1991, petitioner, age 77, lived with her then 46-year-old mentally retarded daughter, Lois F. in the Town of Cairo, Greene County. At that time, respondent filed a petition

pursuant to Mental Hygiene Law article 78 alleging that Lois was incompetent to manage herself or her property and that a committee should be appointed. In October 1991, respondent, petitioner, Lois and Elizabeth Wright, on behalf of Mental Hygiene Legal Service, entered into a stipulation wherein they agreed that Lois was mentally retarded and unable to handle her own affairs and that a committee should be appointed. It was also stipulated that respondent would act as committee for Lois, that petitioner "is not to interfere with the present status or situation of [Lois]", and that petitioner may apply to become Lois' committee at any time provided that petitioner submits proof of her "medical and mental health" to the court.

In March 1993, petitioner sought to vacate the stipulation and to be appointed Lois' committee upon the ground of allegedly changed circumstances in that petitioner had been denied visitation with Lois and that severe medical problems had arisen during the course of Lois' placement with respondent. At petitioner's request, a hearing on the application was conducted on April 26, 1993 pursuant to the newly enacted Mental Hygiene Law article 81 (see, L 1992, ch 698). At the commencement of the hearing, County Court ruled that Lois may be removed from the courtroom pursuant to respondent's motion. Petitioner did not object to the request; in fact, her counsel stated, "My client most definitely would like her daughter removed from the Courtroom." Following the hearing, County Court determined that respondent should be Lois' guardian and granted petitioner visitation at respondent's discretion. In March 1994, petitioner sought increased visitation and disclosure of medical information regarding Lois. The order to show cause did not request oral argument, and petitioner's counsel did not appear before County Court on the return date of the motion. After hearing oral argument opposing the petition from respondent's counsel and Wright, County Court denied the petition and an amended order and judgment was entered, reflecting that respondent has the power to consent to visitation as proposed by the Office of Mental Retardation and Developmental Disabilities, in accord with respondent's request. Petitioner appeals.

We reject petitioner's primary argument that County Court erred in relying upon the October 1991 stipulation that Lois was incapacitated. First, petitioner's assertions that the stipulation was improper under the new provisions of the Mental Hygiene Law and that a new showing of Lois' incapacity should have been made during the April 1993 hearing are

raised for the first time on appeal. As such, they are not properly before this Court and are, therefore, unavailing (see, 1 Newman, NY Appellate Practice § 4.18 [2]). Second, the law in effect during October 1991 did not prohibit stipulations with respect to incapacity, and the facts stipulated to by the parties and the evidence presented gave County Court an ample basis upon which to make a finding of incapacity pursuant to Mental Hygiene Law article 78 in any event. Third, in seeking an order vacating the stipulation, petitioner did not allege in the petition or present facts at the hearing that the stipulation was entered into under duress or that it was the product of fraud, overreaching, collusion or mistake such that it should be vacated (see, Hallock v State of New York, 64 NY2d 224). Fourth, County Court's adjudication of incapacity and appointment of a committee having been properly made, it survived the repeal of Mental Hygiene Law article 78 and the enactment of Mental Hygiene Law article 81, effective April 1, 1993 (see, L 1993, ch 32, § 17). The Legislature plainly intended to give full force and effect to prior determinations.

Next, County Court properly denied petitioner's 1993 motion to remove respondent as committee and to substitute petitioner as guardian. Although family members are generally preferred for appointment in cases such as this (see, Matter of Steinberg, 121 AD2d 872; Matter of Weisman, 112 AD2d 871; Matter of Starrett, 53 AD2d 846; Matter of West, 13 AD2d 599), and despite petitioner's obvious love and affection for Lois, where, as here, the evidence demonstrates that a family member is incapable of providing necessary care, it is appropriate for County Court to look elsewhere. The record is replete with evidence that respondent has provided necessary and suitable care for Lois and that petitioner is both physically and mentally incapable of providing such care. Denise McCarthy, a psychologist who examined petitioner, testified that petitioner suffers from a "fixed delusional system" that interferes with her ability to make sound judgments. The testimony at the hearing also established that petitioner was unable to lift Lois out of bed or otherwise manage her, that she lacks the ability to recognize Lois' needs and that she often refused to cooperate with Lois' caregivers. It is not insignificant that petitioner's testimony at the hearing was unfocused, discursive and erratic. The record evidence concerning petitioner's physical and mental health demonstrates that petitioner is not "suitable to exercise the powers necessary to assist [Lois]" (Mental Hygiene Law § 81.19 [a] [1]) and

"unfit" to be appointed her guardian (Mental Hygiene Law § 81.19 [b]).

We also reject petitioner's argument that a new hearing is required because Lois was not afforded an opportunity to participate in the hearing pursuant to Mental Hygiene Law § 81.11. Even assuming that Lois was required to be present at the 1993 hearing to remove respondent as committee, the pertinent provisions of the Mental Hygiene Law were complied with. The record amply supports County Court's finding that Lois was not present at the hearing "because of ill health and her inability to [participate] meaningfully in the hearing" (see, Mental Hygiene Law § 81.11 [c] [2]).

Petitioner's remaining contentions, including her claim that County Court erred in denying her motion for increased visitation and medical information regarding Lois, have been considered and found to be meritless.

Crew III, Casey and Peters, JJ., concur. Ordered that the order and judgment, and amended order and judgment are affirmed, without costs.