■ KATHLEEN KAHL et al., Respondents, v RONALD LOFFREDO et al., Appellants. [633 NYS2d 612] —Mercure, J. Appeal from a judgment of the Supreme Court (Lomanto, J.), entered June 1, 1994 in Saratoga County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Kathleen Kahl (hereinafter plaintiff) in connection with obstetrical services performed by defendant Ronald Loffredo on November 27, 1987. The trial evidence established that, during the routine vaginal delivery of plaintiffs' daughter, Loffredo performed a third degree episiotomy of plaintiff, which extended into her rectum. In the course of the surgical repair of plaintiff's perineum and anal sphincter, Loffredo lost the surgical needle within plaintiff's tissue, requiring him to reopen the incision, in turn causing considerable tissue loss. Plaintiff's postdelivery care did not include the administration of antibiotics, and plaintiff subsequently developed a serious infection, bowel incontinence and a rectoperineal fistula. Plaintiff was required to undergo additional surgery for repair of her rectal sphincter, and she continues to suffer incontinence problems due to an external anal sphincter weakness and minimal muscle contraction. Following trial, a jury awarded plaintiff $375,000 for past pain and suffering and $375,000 for future damages. Plaintiff Harry Kahl, Jr. was awarded derivative damages of $25,000. Defendants now appeal.

We affirm. Initially, we are not persuaded by the argument

that reversal of the judgment in favor of plaintiffs and remittal for a new trial is required because the trial evidence supported a finding of liability on only two of the three theories submitted to the jury and we are precluded from determining which of the theories the jury accepted by virtue of Supreme Court's instruction that the jury return a general verdict only (*see, Suria v Shiffman*, 67 NY2d 87, 95-96; *Davis v Caldwell*, 54 NY2d 176, 178). First, if Supreme Court's instruction actually did present a theory of liability that was not supported by the trial evidence, it was incumbent upon defendants to register an appropriate objection and make a request for a special interrogatory (*see*, CPLR 4110-b; *Suria v Shiffman, supra*, at 96-97). Second, were we to reach the merits, we agree with plaintiffs that Supreme Court submitted only two theories of liability to the jury, i.e., loss of the surgical needle and failure to prescribe a postoperative course of antibiotics, and that defendants have presented a tortured interpretation of the jury instruction in support of their contention that Supreme Court submitted a third theory, negligence in performing the episiotomy itself. It is undisputed that plaintiffs presented prima facie evidence in support of the theories that were actually submitted to the jury.

We are similarly unpersuaded that Supreme Court erred in refusing to admit a written statement of plaintiffs' expert as an admission of a party's agent or a prior inconsistent statement and in refusing to instruct the jury on the emergency doctrine. Defendants have not satisfied their burden of establishing that the expert's report (which has been omitted from the record on appeal) contradicted his trial testimony or constituted an admission, and we note that defendants were in any event permitted to cross-examine the expert concerning the report's omission of any reference to defendants' asserted negligence in failing to prescribe a postoperative course of antibiotics. Similarly, in view of the trial evidence that Loffredo lost the needle in plaintiff's tissue, we perceive no basis for a finding that he "was confronted by a sudden and unforeseen occurrence *not of his own making*" (*Tyson v Brecher*, 212 AD2d 851 [emphasis supplied]; *see, Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327) such as to justify an emergency doctrine instruction. As a final matter, we conclude that the jury's award does not constitute unreasonable compensation for plaintiff's injuries (*see*, CPLR 5501 [c]; *see also, Santucci v Govel Welding*, 168 AD2d 845; *Beverly H. v Jewish Hosp. & Med. Ctr.*, 135 AD2d 497).

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.