■ Merritt Meridian Construction Corporation, Appellant, v Old Country Iron Works, Inc., Respondent. [645 NYS2d 142] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Klein, J.H.O.), entered January 3, 1995 in Dutchess County, upon a decision of the court in favor of defendant.

Plaintiff agreed with the Department of the Army in March 1987 to act as general contractor on a construction project (hereinafter the project) to modernize and expand certain academic facilities at the United States Military Academy at West Point. In June 1987, plaintiff entered into a subcontract with defendant whereby defendant would perform certain structural steel work and provide fabricated steel in connection with the

project. According to the contract, defendant was to be paid $100,000 for its work on the project. It is undisputed that defendant was actually paid $75,300 for its services. Before defendant could undertake to deliver the steel to the project, it was necessary that defendant receive final approval of the specifications from the Army Corps of Engineers. The specifications were not finalized until January 1988. It was then that defendant purchased the steel and fabrication began. The steel was available for delivery in April 1988.

Plaintiff notified defendant in July 1988 that it was ready for delivery of the steel. Defendant at this time sought adequate assurances from plaintiff of payment prior to delivery because certain changes had already been requested by plaintiff for which defendant allegedly had not been paid. As a result, plaintiff commenced an action to compel delivery of the steel. The action was resolved upon a stipulation requiring plaintiff to place $10,000 in escrow to represent payment for delivery of the steel no later than September 6, 1988. It was further provided in the stipulation that if defendant did not deliver the steel by that date defendant "hereby consent[s] to the entry of a judgment in any County directing the release of said material to [P]laintiff[ ]". Defendant has admitted in its brief that it did not complete two sets of stairs for one of the buildings. The steel for the other work was delivered on September 9, 1988.

Plaintiff commenced the instant action for breach of contract alleging that it was entitled to 45 tons of iron material wrongfully detained by defendant. Additionally, plaintiff also apparently claims damages for the cost to complete alleged unfinished work of defendant, delay damages and damages for violation of the Davis-Bacon Act (see, 40 USC § 276a [relating to a contractor failing to pay the prevailing wage to workers]). Defendant answered with a general denial of plaintiff's substantive allegations and counterclaimed for, inter alia, $24,700 reflecting the sum owed to it under the contract, having substantially performed its contract obligations.

Following a nonjury trial, Supreme Court in a written decision held, inter alia, that any delay damages were covered in the stipulation entitling plaintiff to enter a judgment by consent for release of the retained materials. In relation to claims for delays and for the cost of completion, Supreme Court ruled that plaintiff was partially responsible for the delays and that plaintiff's damage claims were not credible because plaintiff failed to produce any knowledgeable experts to establish the claimed deficiencies or their reasonable value. Finally,

Supreme Court held that even if defendant violated the Davis-Bacon Act, damages for such violation would not "inure to the benefit of the plaintiff" and dismissed the complaint. The court then awarded defendant $24,700 representing the remainder due under the contract. Judgment was entered on January 3, 1995 pursuant to Supreme Court's decision.

On appeal, plaintiff urges that defendant did not substantially perform its obligations under the contract and that consequently plaintiff is entitled to damages for its costs to complete the work. We disagree. On this record, Supreme Court properly found that defendant substantially completed the contract and awarded defendant the amount of the yet unpaid contract price. Supreme Court, however, should have deducted therefrom the cost for completion of the two staircases defendant admittedly did not complete. Supreme Court could properly find, as it did, that the failure to complete the two staircases was not the fault of defendant because, contrary to plaintiff's argument, it was not the fault of defendant that it had not timely received the required drawings for the installation of the stairs. The drawings were needed before steel fabrication could begin. Questions of substantial performance turn on the facts of each case (*see, Carefree Bldg. Prods. v Belina*, 169 AD2d 956, 957) and in nonjury cases Supreme Court's credibility determinations are to be afforded great deference by this Court (*see, Matter of Liccione v John H.*, 65 NY2d 826, 827; *Hoover v Durkee*, 212 AD2d 839, 841; *Brooker v State of New York*, 206 AD2d 712). While plaintiff's valuation of completion damages were properly not credited by Supreme Court due to lack of proof, the court erred in not crediting the completion costs of the two staircases in the sum of $4,200 based on defendant's testimony that the highest cost of completing the stairs was that amount. Thus, defendant's award should be reduced by $4,200.

Plaintiff's claim that Supreme Court erred in not finding that it is entitled to damages for defendant's alleged violations of the Davis-Bacon Act is without merit. The act was not enacted to benefit contractors but to protect their employees from substandard earnings (*see, United States v Binghamton Constr. Co.*, 347 US 171, 176-177). Consequently, defendant's employees have standing to bring an action for any such violation but plaintiff does not.

Supreme Court properly found that plaintiff was not entitled to any damages for delay because such damages were waived by the stipulation or not supported by any credible evidence. By entering into the stipulation, plaintiff agreed to settle the

prior action and assumed a new date on which delivery was to occur. While defendant did not deliver the steel until September 9, 1988, three days after the new date, plaintiff did not protest the three-day delay and the remedy for any such delay was found in the stipulation which provided for entry of judgment by consent. The stipulation was enforceable (*see, e.g., Michigan Mut. Ins. Co. v Kelly*, 192 AD2d 698, 699). Moreover, absent evidence of fraud, collusion, mistake or accident, the stipulation should be given full effect (*see, Hallock v State of New York*, 64 NY2d 224, 230; *Matter of Lois F.*, 209 AD2d 856, 858). Additionally, plaintiff, as Supreme Court found, did not present credible proof of damages through expert testimony.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing defendant's award in the sum of $4,200, representing plaintiff's cost to complete, and, as so modified, affirmed.