■ GLORIA X., Individually and as Parent and Guardian of EVAN X., an Infant, Respondent, v HARRY E. GIBBS, Appellant. [659 NYS2d 349] —Peters, J. Appeal from a judgment of the Supreme Court (Best, J.), entered December 27, 1995 in Montgomery County, upon a decision of the court in favor of plaintiff.

Defendant, a 73-year-old man, befriended plaintiff and her seven-year-old son, Evan, in the summer of 1992 after meeting at the home of a mutual friend. With plaintiff's permission, defendant began visiting with Evan once or twice weekly. During such times, defendant, now called "Grampa", took Evan to the local ice cream store, the theater, sporting events, bowling, the gym and the mall, usually accompanied by at least one other child. Defendant bought Evan birthday and Christmas presents and had, on occasion, taken Evan to his home.

During the fall of 1992, plaintiff began noticing changes in Evan's behavior. He was spending more time in his room, avoided playing with his friends, and frequently awoke in the middle of the night. In early 1993, a school employee told plaintiff that Evan disclosed that defendant was touching him "in his private parts". After discussing this with Evan at home that same day, plaintiff immediately prohibited defendant from seeing Evan. Plaintiff testified that Evan then became more afraid, more withdrawn, ceased playing sports and began waking up crying several times in the middle of the night.

Evan was taken to see Ray Bodensieck, a psychologist with Catholic Family Services, for both private and family sessions, once a week for 10 weeks. The nightmares failed to lessen. Evan continued to isolate himself socially, suffered academically, and was visibly afraid of defendant, fearing retaliation. When forced to talk about the incident, Evan would cry and become frustrated. Other children would also make fun of him, telling him that he was a homosexual because he let defendant touch him.

Plaintiff commenced the instant action for negligence. Upon a bench trial, Supreme Court awarded plaintiff $40,000 for Evan's present damages and $90,000 for his future damages. Defendant now appeals.

This record contains sufficient proof demonstrating that defendant was negligent and that his negligence proximately caused Evan's injuries. It is undisputed that defendant had undertaken a duty to supervise Evan, then seven years old, when he assumed his care outside of plaintiff's presence. The standard of care thereby owed to this child is indisputably higher than that which would be required for the care of an adult (*see, Willis v Young Men's Christian Assn.*, 28 NY2d 375; *Gordon v Harris*, 86 AD2d 948).

Defendant's own testimony established the breach. He testified that on four or five occasions he touched Evan's penis, ostensibly to prevent him from urinating on his clothes or on the bathroom walls, and not for his own sexual gratification.* At such time, he contended that he was not aware that such conduct was inappropriate but later understood that the consequences of such acts had devastating effects on Evan. Evan

---

* Defendant explained that he did these acts for the following reason: "[B]ecause of Evan's propensity to delay his manly urination to the point where he would prematurely void while his clothes were still—or his—he wasn't opened up to satisfy that urge, and I would anticipate this and drop his elastic-top trousers to contact his penis and direct it away from his clothes and away from the bathroom walls or the—wherever it shouldn't be going."

testified as to how he felt when defendant touched him and of the resultant bad dreams and ridicule he experienced with friends.

Plaintiff testified regarding Evan's change in behavior and further presented Bodensieck's expert testimony. Bodensieck testified that he diagnosed Evan as having an adjustment disorder with mixed emotional features. After describing how Evan exhibited behaviors associated with this diagnosis, he testified that defendant's behavior caused Evan's emotional problems. Even though, due to significant improvement, treatment ceased after approximately 10 weeks, Bodensieck opined that based on Evan's current symptoms it would not be unlikely for Evan to lapse back into his prior condition. Bodensieck further concluded that Evan suffered "emotional scarring" as a result of these incidents, thus requiring ongoing or continuing treatment. He opined that this intervening sexual trauma could interfere with Evan's sexual identification process and his self-perception regarding interpersonal relations. Other than an attempt to show how Bodensieck's diagnosis and theories were based upon information received prior to his independent evaluation of Evan, defendant presented no testimony.

As Supreme Court's "credibility determinations [in nonjury trials] are to be afforded great deference by this Court" (*Merritt Meridian Constr. Corp. v Old Country Iron Works*, 229 AD2d 661, 663), our review of the record supports its conclusion that plaintiff presented prima facie evidence of defendant's negligence. Having further reviewed the award of damages and finding no material deviation from what would be considered reasonable compensation (*see, Santucci v Govel Welding*, 168 AD2d 845, 846; *see also*, CPLR 5501 [c]; *Kahl v Loffredo*, 221 AD2d 679, 680), there exists no basis to disturb Supreme Court's judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.