■ HARRY E. GIBBS, Respondent, v CNA INSURANCE COMPANIES, Appellant. [693 NYS2d 720] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered May 1, 1998 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant issued a homeowner's policy to plaintiff, Harry E. Gibbs, which was in effect from March 19, 1992 to March 19, 1993. Such policy excluded coverage for personal liability and/or medical payments to others for bodily injury which is "expected or intended by the insured". As a result of Gibbs' interaction with a seven-year-old boy during 1992 and 1993,* the Montgomery County District Attorney filed charges against him on February 24, 1993 alleging sexual abuse in the first degree and endangering the welfare of a child. By letter dated April 23, 1993, Gibbs' counsel notified defendant of the potential for civil litigation.

In December 1993, a civil action arising out of these incidents

* A companion case, *Gibbs v General Acc. Ins. Co.* (263 AD2d 852 [decided herewith]) arises out of the same underlying facts.

was commenced against Gibbs. On January 20, 1994, he pleaded guilty to the charge of sexual abuse in the first degree and was placed on probation. On February 1, 1994, defendant notified him that it would not defend or indemnify him in the underlying action due to the policy exclusions. On February 16, 1994, an amended complaint was filed in the underlying action pleading six causes of action; the first four alleged intentional conduct whereas the last two, without incorporating the factual basis of the aforementioned causes of action, alleged causes of action in negligence and emotional distress and expenses resulting from such negligence. In response to a demand for a bill of particulars, it was asserted that "[Gibbs] knowingly and unlawfully subjected the infant plaintiff to sexual contact" and that he was "negligent in that he committed the acts above without foreseeing the possibility of injury to the infant plaintiff, by failing to take into consideration the age of the infant and in acting in a manner intended to gratify himself without first assessing the consequences of his acts".

Prior to the commencement of the civil trial held in November 1995, all causes of action alleging intentional conduct were withdrawn. Testimony thereafter offered by Gibbs directly contradicted the basis of his criminal conviction. Judgment was entered in the amount of $130,000 against him, which was affirmed by this Court (see, Gloria X. v Gibbs, 241 AD2d 579). On June 3, 1996, Gibbs commenced this declaratory judgment action to determine whether defendant must indemnify and reimburse him for legal expenses in the underlying action. Defendant's unsuccessful motion for summary judgment prompted this appeal.

The duty to defend is broader than the duty to indemnify and will be required unless the insurer can show that the allegations of the complaint put that duty solely within a policy exclusion (see, Merrimack Mut. Fire Ins. Co. v Carpenter, 224 AD2d 894, lv dismissed 88 NY2d 1016). If the allegations in the complaint fall within the "scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310), the duty to defend will be found. However, "[a] party's characterization of the causes of action alleged in a complaint are not controlling" (Curtis v Nutmeg Ins. Co., 204 AD2d 833, 834, lv dismissed 84 NY2d 1027). In this pursuit, extrinsic facts may be considered (see, Continental Cas. Co. v Rapid-Am. Corp., 80 NY2d 640, 648; Pennsylvania Millers Mut. Ins. Co. v Rigo, 256 AD2d 769, 770).

Despite the fact that the sole allegations left for trial were

premised upon acts constituting negligence which could, under other circumstances, trigger a duty to defend (*see, Amica Mut. Ins. Co. v Grose*, 166 AD2d 877, *lv dismissed* 76 NY2d 1018), we find the gravamen of this action to be Gibbs' acts of sexual abuse for which he pleaded guilty. "[A]s arbiters of the law, it is our privilege to determine the nature of the claim alleged in the complaint, based upon the facts alleged and not the conclusions which the pleader draws therefrom" (*County of Columbia v Continental Ins. Co.*, 189 AD2d 391, 394, *affd* 83 NY2d 618). We find that the "harm * * * was inherent in the nature of * * * [Gibbs'] acts * * * and that whatever injuries resulted were, as a matter of law, 'intentionally caused' within the meaning of the policy exclusion" (*Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161-162; *see, Pistolesi v Nationwide Mut. Fire Ins. Co.*, 223 AD2d 94, *lv denied* 88 NY2d 816; *see also, Doyle v Allstate Ins. Co.*, 255 AD2d 795).

"[T]he ordinary person would be startled * * * by the notion that [Gibbs] should receive insurance protection for sexually molesting the[ ] child[ ], and thus, in effect, be permitted to transfer the responsibility for his deeds onto the shoulders of other homeowners in the form of higher premiums" (*Allstate Ins. Co. v Mugavero, supra,* at 161). Heeding this observation of the Court of Appeals, we reverse Supreme Court's order and grant defendant's motion for summary judgment dismissing the complaint in its entirety.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.