■ HARRY E. GIBBS, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY, Appellant. [693 NYS2d 719] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered

June 30, 1998 in Montgomery County, which, *inter alia*, partially denied defendant's motion for summary judgment dismissing the complaint.

Defendant issued a homeowner's policy to plaintiff which was in effect for the period of March 19, 1991 to March 19, 1992. The policy excluded coverage for personal liability and/or medical payments to others due to bodily injury "expected or intended by the insured".

On or about February 24, 1993, plaintiff was charged with first degree sexual abuse, a felony, and endangering the welfare of a child, a misdemeanor, as a result of his interaction with a seven-year-old boy during 1992 and 1993. In December 1993, a civil action was commenced against him for the recovery of monetary damages premised upon his alleged acts of sexual contact and negligence with respect to such minor. In February 1994, the complaint in the underlying civil action was amended to include causes of action based on both intentional and negligent physical contact. Although not included in the record, defendant continued to deny coverage and, as reflected in the companion case of *Gibbs v CNA Ins. Cos.* (263 AD2d 836 [decided herewith]), plaintiff had, prior to such amendment, pleaded guilty to the charge of sexual abuse in the first degree. This declaratory judgment action was commenced in June 1994, seeking a declaration that defendant owed plaintiff a duty to defend and indemnify.

Prior to the commencement of the bench trial held in November 1995 in the civil action, all causes of action alleging intentional conduct in that action were withdrawn. Plaintiff was ultimately found negligent and was ordered to pay $130,000 in damages, which was affirmed by this Court in July 1997 (*see*, *Gloria X. v Gibbs*, 241 AD2d 579). Our affirmance triggered defendant's motion for summary judgment seeking dismissal of the declaratory judgment action by asserting that the acts occurred after the contract of insurance had expired. Plaintiff cross-moved seeking summary judgment and a declaration that defendant had a duty to defend and indemnify. Supreme Court, *inter alia*, granted plaintiff's cross motion to the extent of finding that defendant had a duty to defend and granted that part of defendant's motion which sought to dismiss the indemnification claim. Defendant appeals.

Where "changes were made to create insurance coverage where none had existed[, w]e should not supply an imprimatur to that motive" (*Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 930). For all of the reasons underlying our determination in *Gibbs v CNA Ins. Cos.* (*supra*), coupled with what we find to be

an obvious manipulation of our legal process solely for the purpose of procuring coverage (*see, Home Mut. Ins. Co. v Lapi, supra; see also, Allstate Ins. Co. v Mugavero,* 79 NY2d 153), we reverse that part of Supreme Court's order which denied defendant's motion for summary judgment regarding the duty to provide a defense.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied in part defendant's motion for summary judgment dismissing the complaint and granted in part plaintiff's cross motion for summary judgment; motion granted in its entirety, cross motion denied, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.