— In a proceeding pursuant to Mental Hygiene Law article 81, nonparty North C., the brother of Mary Alice C., an allegedly incapacitated person, appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered September 12, 2007, *468 which granted the motion of Allison Guthrie E, the special guardian of Mary Alice C., to establish a supplemental needs trust for the benefit of Mary Alice C. with Hudson Valley Bank, as trustee, and for the award of an attorney’s fee, and denied his cross motion pursuant to Mental Hygiene Law § 81.35 to remove Allison Guthrie F. as the special guardian of Mary Alice C.
Ordered that the order is affirmed, with costs to the respondent payable by the nonparty appellant.
“The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney’s fee in a guardianship proceeding” (Matter of Mavis L., 285 AD2d 509, 510 [2001]). The Supreme Court determined that the award of an attorney’s fee to the special guardian’s attorney was warranted. The Supreme Court further determined that an award in the sum of $12,217.50 was reasonable based, inter alia, on the expertise of the special guardian’s attorney, and the customary fee charged by other attorneys for similar services (id. at 510; see Matter of Freeman, 34 NY2d 1, 9 [1974]; Matter of Potts, 213 App Div 59 [1925], affd 241 NY 593 [1925]). We find no basis in the record to disturb the court’s determination.
A special guardian may be removed when “the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just” (Mental Hygiene Law § 81.35; see Matter of Dunsmoor, 24 AD3d 1218 [2005], citing Matter of Arnold O., 226 AD2d 866, 869 [1996]). Other than conclusory allegations, the nonparty appellant failed to present any evidence that there was any misconduct on the part of the special guardian that would provide a basis for her removal (see Matter of Arnold O., 226 AD2d at 869).
The nonparty appellant’s remaining contention is without merit. Florio, J.E, Angiolillo, McCarthy and Chambers, JJ., concur.