Matter of Hutchinson (2022 NY Slip Op 00968)





Matter of Hutchinson


2022 NY Slip Op 00968


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 500234/15 Appeal No. 15320,15321 Case No. 2021-04065, 2021-03188 

[*1]In the Matter of Ann Meritt Hutchinson, An Alleged Incapacitated Person.


John E. Hutchinson IV, appellant pro se.
McCarthy Fingar LLP, White Plains (Michael S. Kutzin of counsel), for Ann Merritt Hutchinson, respondent.



Orders, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered August 2, 2021, and on or about August 24, 2021, which, to the extent appealed from as limited by the briefs, and after a hearing, granted the motion of Ann Merritt Hutchinson to amend the power of her personal needs guardian, Michael Mascetti, Esq., by removing his power to make health care decisions and reinstating a health care proxy dated November 18, 2015, and otherwise confirming all remaining powers set forth in the order by which Mascetti was appointed, and denied the motion of appellant John E. Hutchinson, IV to dismiss the petition to amend the guardianship, to disqualify court-appointed counsel, Susan Brown, Esq., and to remove Mascetti as personal needs guardian, unanimously affirmed, without costs.
Supreme Court correctly granted the application to amend the guardianship to allow AMH to appoint her daughter as her health care agent, since AMH's decision to do so was consistent with the 2015 health care proxy, and, on this record, AMH had the requisite capacity to appoint a health care agent in 2015. Indeed, AMH was never adjudicated incompetent. In opposing the restoration of powers to AMH appellant failed to meet his burden to show by clear and convincing evidence that the guardianship should not be amended (see Mental Hygiene Law § 81.36[d]).
Further, AMH's presence at the hearing was not required. The reduction of the guardian's powers did not implicate AMH's right to due process, and there was ample evidence that involving her in the court proceedings would only distress her and put her health at risk (see Mental Hygiene Law § 81.36[c]).
The record supports the conclusion that the guardians of the person and the property acted within their authority in restricting appellant's access to AMH and to her personal information.
Appellant failed to submit admissible evidence in support of his motion to remove Brown as counsel. Likewise, his allegations against Mascetti are broad and conclusory or at best concern minor deficiencies in Mascetti's performance, which do not warrant removing Mascetti as personal needs guardian (see Mental Hygiene Law § 81.35; Matter of Solomon R. [Michael R.], 123 AD3d 934, 935 [2d Dept 2014], appeal dismissed 25 NY3d 959 [2015]).
We have considered appellant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022