■ In the Matter of ARNOLD O., a Person Alleged to be Incapacitated, Respondent. MILDRED O. et al., Appellants. [640 NYS2d 355] —Casey, J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 30, 1994 in Albany County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to Mental Hygiene Law article 81, for removal of James T. Towne, Jr. as committee for respondent.

In July 1987, respondent was declared to be an incompetent and his brother, petitioner James O. (hereinafter petitioner), was appointed committee for respondent in a proceeding commenced by Albany Medical Center in Supreme Court, pursuant to Mental Hygiene Law former article 78. Thereafter, while respondent was a patient in another hospital, a dispute arose over a suitable placement for respondent upon his discharge from the hospital. The hospital ultimately moved in Supreme Court to remove petitioner as committee for respondent. After originally opposing the motion, petitioner filed an affidavit in which he consented to his removal as committee for respondent and requested the appointment of attorney James T. Towne, Jr. in his place. Supreme Court entered a consent order in November 1993 which removed petitioner as committee for respondent and appointed Towne.

After Towne arranged the transfer of respondent to a health care facility in Connecticut, petitioner and his mother embarked on a course of conduct which included numerous complaints to various officials and agencies against Towne and a constant barrage of threats, insults and complaints directed at the staff of the health care facility where respondent resides. Petitioner also refused to turn over respondent's property to Towne, which prompted Towne to move in Supreme Court for an order to compel petitioner to turn over respondent's property. Petitioner opposed the motion and also cross-moved to remove Towne as committee or guardian for respondent. In January 1994, Supreme Court granted the motion and denied the cross motion, concluding that petitioner's allegations of Towne's misconduct were insufficient.

Petitioner and his mother thereafter filed the instant petition which seeks, in essence, to remove Towne as respondent's guardian and to replace him with petitioner. Supreme Court granted respondent's motion to dismiss the petition, resulting in this appeal by petitioners.

Our analysis begins by noting that the provisions of the Mental Hygiene Law pursuant to which respondent was first determined to be incompetent and in need of a committee were repealed in 1993 and replaced by a new article 81 of the Mental Hygiene Law (L 1992, ch 698, eff Apr. 1, 1993).* The Legislature expressly provided, however, that adjudications made pursuant to the repealed article 78 shall continue in full force and effect until duly modified or abrogated by a Judge pursuant to the newly enacted article 81 (L 1993, ch 32, § 17; *see, Matter of Lois F.*, 209 AD2d 856, 858). Accordingly, petitioners' claim that the new article 81 provides procedural safeguards that were not used in the initial adjudications of incapacity and need for a committee is irrelevant. The adjudications were proper when made and, therefore, they survived the enactment of the new article 81 (*see, Matter of Lois F., supra,* at 858).

An examination of the petition and petitioners' arguments on appeal reveals that petitioners do not contest either respondent's incapacity or the need for a guardian of respondent's person and property. Nor does the petition seek to discharge or modify the powers of the guardian, as authorized by Mental Hygiene Law § 81.36. Rather, petitioners' claims focus

---

* Mental Hygiene Law article 81 provides for the appointment of a guardian of the person and/or property, instead of a committee (*see,* Mental Hygiene Law § 81.02). We will use the terms guardian and committee interchangeably in this decision (*see,* L 1993, ch 32, § 17).

exclusively on the appropriate person to be respondent's guardian. They claim only that Towne should be removed and petitioner should be appointed guardian of respondent's person and property.

The initial adjudication pursuant to Mental Hygiene Law former article 78, which appointed petitioner as committee for respondent, was modified by the subsequent order on consent which substituted Towne for petitioner. The consent order was entered after the effective date of Mental Hygiene Law article 81 and, therefore, according to petitioners, Supreme Court erred in appointing Towne as respondent's guardian without making any of the findings required by Mental Hygiene Law § 81.15 (b). Having consented to and requested the order that appointed Towne, petitioner could not have challenged the order by way of a direct appeal (see, e.g., Hagfors v Hagfors, 200 AD2d 873, 874; Fuller v City of Yonkers, 100 AD2d 926, 927). We see no reason to permit petitioner to do indirectly, by way of a collateral attack on the validity of the prior order in this appeal from a subsequent order, that which he could not have done by way of a direct appeal. The prior order is, of course, subject to vacatur upon proper grounds (see, CPLR 5015 [a]), but petitioner never moved for relief under CPLR 5015 (a) and the allegations of the instant petition are insufficient to warrant such relief.

Petitioners correctly contend that because of the continuing nature of a proceeding which concerns an incompetent or incapacitated person, prior orders entered during earlier stages of the proceeding remain subject to subsequent judicial scrutiny despite the preclusive effect of the doctrine of res judicata. That scrutiny, however, must occur within the relevant statutory framework. In this case, petitioners' efforts to remove Towne as guardian is governed by Mental Hygiene Law § 81.35, which authorizes removal "when the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just".

As previously noted, petitioners previously sought removal of Towne as committee or guardian in a cross motion when Towne sought to compel petitioners to turn over respondent's property. The cross motion was denied because petitioners' allegations were insufficient. Inasmuch as the purpose of this proceeding is to protect the interests of respondent as an incapacitated person (see, Mental Hygiene Law § 81.01), not to adjudicate petitioners' rights, we are of the view that the prior denial of petitioners' cross motion to remove Towne is not entitled to any preclusive effect. If in fact any of the statutory

grounds exist for Towne's removal as guardian, he should be removed, not to vindicate any right of petitioners, but to protect respondent's interests.

Supreme Court based its dismissal of the petition at least in part on its determination of petitioners' credibility. Inasmuch as the dismissal occurred before the fact-finding stage of the proceeding, Supreme Court erred in relying on such a fact-based determination as credibility. Nevertheless, we affirm the dismissal of the petition. Other than petitioners' conclusory allegations of Towne's misconduct, there is no evidence in the record which would provide any basis for Towne's removal pursuant to Mental Hygiene Law § 81.35. To the contrary, in contrast to petitioners' conclusory allegations, the record is replete with evidence that Towne has fulfilled his responsibility as guardian and that petitioners have engaged in a course of conduct designed to interfere with and/or prevent Towne's performance of his duties as guardian. To avoid dismissal, petitioners should have come forward with some evidentiary proof in admissible form to substantiate their conclusory allegations of Towne's misconduct. In the absence of any such evidence, no hearing was required (*cf., Matter of Bauer*, 216 AD2d 25, *appeal dismissed* 86 NY2d 867), and dismissal of the petition was appropriate.

Upon dismissal of the petition, Supreme Court imposed an award of counsel fees for frivolous conduct, pursuant to 22 NYCRR 130-1.1. Petitioners contend that the award is erroneous, but we see no reason to disturb Supreme Court's exercise of discretion (*see, Matter of Williams v Williams*, 215 AD2d 980). The instant petition to remove Towne as guardian was filed approximately six months after entry of the prior order which denied petitioners' cross motion to remove Towne as guardian. Petitioners' conclusory allegations of Towne's misconduct are unsupported by any evidence. It is clear from the record that petitioners disagree with Towne's choice of a health care facility for respondent. It is equally clear that the prior cross motion to remove Towne and the instant petition for the same relief, together with petitioners' threatening and harassing conduct directed at Towne and the staff of the health care facility where respondent resides, are the product of petitioners' frustration and anger. In these circumstances, and in the absence of any evidence to support petitioners' allegations of misconduct, we conclude that Supreme Court's award of counsel fees for frivolous conduct, as defined in 22 NYCRR 130-1.1 (c) (1), was warranted (*see, Matter of Jemzura v Mugglin*, 207 AD2d 645, 646-647, *appeal dismissed* 84 NY2d 977).

The order should be affirmed.

Cardona, P. J., Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.