In the Matter of the Guardianship of LACEY MARIE DUNSMOOR, an Incapacitated Person. CHERIE DUNSMOOR, Appellant; DANNY DUNSMOOR, Respondent. [805 NYS2d 918]—

Appeal from an order of the Supreme Court, Oswego County (Peter N. Wells, A.J.), entered October 14, 2004. The order dismissed the petition for the removal and replacement of respondent as guardian of the personal needs of the parties' child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to remove respondent as guardian of the personal needs of the parties' adult child and to replace him with either petitioner or petitioner's brother. Supreme Court dismissed the petition following a hearing. We affirm. Pursuant to Mental Hygiene Law § 81.35, the court may remove a guardian "when the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just" (*see Matter of Arnold O.*, 226 AD2d 866, 868 [1996], *lv denied* 88 NY2d 810 [1996]). As the court properly determined, petitioner failed to present sufficient credible evidence to support her allegations that respondent engaged in misconduct and violated his fiduciary duties under Mental Hygiene Law § 81.20 (a) (2) by failing to "exercise the utmost care and diligence when acting on behalf

of" the parties' daughter. Petitioner's disagreement with respondent's choice of residential facility and treatment for the parties' daughter does not constitute a sufficient ground for the removal of respondent as guardian. Indeed, the evidence presented at the hearing establishes that respondent is acting within his powers as guardian and is more than adequately fulfilling his responsibilities. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.