OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
*583 A petition has been filed for the appointment of a guardian of the person and property of S.M., an alleged incapacitated person (hereinafter known as the person). The court, having been satisfied that the person was served with the order to show cause and petition by personal delivery at least 14 days prior to the return date and that all other persons required to be served under Mental Hygiene Law § 81.07 were timely served with the order to show cause and petition, appointed a court evaluator, Barbara V Gurley, a social worker with the Mental Hygiene Legal Service, First Judicial Department.
The hearing was held on June 8, 2006. The hearing was conducted in the absence of the person. The person is in a vegetative and nonresponsive state of being, and is, therefore, unable to comprehend this proceeding, nor is she able to offer her preference or desire regarding her needs and wishes. As such, the person is unable to participate meaningfully in the hearing of this matter, even if the hearing was conducted at her bedside. Her appearance was therefore waived. Petitioner J.M. and Ms. Gurley testified at the hearing.
Findings of Fact
It is determined that the following findings of fact were established by clear and convincing proof upon the documentary evidence submitted and the testimony adduced.
The petitioner, J.M., the person’s son, states that the person suffered kidney failure two years ago as a result of having diabetes and other illnesses. Due to kidney failure, she has since required dialysis three times a week.
This past June, while undergoing surgery for removal of her gall bladder, the person suffered medical complications which caused her current vegetative condition. She was removed to St. Barnabas Nursing Home where she was placed on a ventilator. This nursing home was chosen because it was one of only two facilities in New York City in which she could be ventilator dependent and receive dialysis at the same time. Her prognosis for recovery is very poor.
The person was born in Panama and came to live in New York when she was in her 20s. She married G.M., Sr. and had two sons, the petitioner and G.M., Jr., who resides in Portsmouth, Virginia. The person and her husband had been separated for over 20 years. Whether they had been divorced two years ago and whether he is still alive is unclear.
Prior to her admission to the nursing home, the person had resided at 150 Burnside Avenue, apartment GF, Bronx, New *584 York. She had received a section 8 subsidy to assist her with the rent for the apartment.
It appears that the person had not signed a health care proxy, power of attorney, or executed a do not resuscitate order.
The person receives Social Security supplemental income in the amount of approximately $633 per month, which is collected by the nursing home and applied toward the cost of her care in the home. She also receives Medicaid benefits.
G.M., Jr., petitioner’s brother, might be currently struggling with an alcohol addiction and, if so, is unable to assist their mother.
The petitioner is seeking guardianship of the person for the purpose of filing a medical malpractice action against the hospital doctors who performed the gall bladder surgery on her. He believes their negligence contributed to her current condition. The person will have additional assets from the proceeds of this action if successfully litigated.
The petitioner, J.M., is 30 years old, single and has no dependents. He said that he did not finish high school, but eventually obtained a general education diploma. He has held past employment as a messenger, newspaper deliveryman and factory worker but is currently unemployed.
Much to this court’s surprise — as a result of questions put to him by the court — was petitioner’s revelation that he was convicted of armed robbery and served nine years in prison. Unbeknownst to the court at the time of this questioning of petitioner was that Ms. Gurley informed petitioner and his attorney weeks prior to the hearing that such a conviction would make it “difficult for him to be bonded if the court were to appoint him guardian.” Why did counsel proceed to advocate the appointment of her client as guardian knowing that he was not eligible? As the petitioner sat in the witness box, this court— emphatically and in no uncertain terms — told him that he would not be appointed as the guardian for his mother. This court was outraged that counsel did not disclose the felony conviction during her direct examination of her client nor was there one word in the petition to reflect his questionable status.
Even though the conviction was disclosed in the court evaluator’s report, which was not read by this court prior to the time petitioner’s attorney concluded her direct examination of her client, it was counsel’s obligation to disclose petitioner’s criminal felony conviction during her examination or in the petition. *585 Part 36 of the Rules of the Chief Judge (22 NYCRR) prohibits the appointment of a guardian who has a criminal conviction.[1]
Appointing a person who turns out to be a convicted felon as a guardian to oversee and manage potentially millions of dollars — a person convicted of a crime or crimes that involve theft and dishonesty — could very well have disastrous consequences. The odds of him abusing this fiduciary position of trust are great. Taking the word of a proposed guardian is not enough. And, in this instance, the silence from counsel on this issue was deafening. Part 36 forbids guardianship appointment of felons. This case could have easily slipped through the cracks due to inadvertent judicial inattention to detail. The question becomes, how does the court insure compliance with this rule across the board? For that matter, what about the person who seeks appointment as guardian for an alleged incapacitated child who is, or who shares a household with an adult who is, a known child abuser or who has been found responsible for neglecting a child?
I propose that the following procedural provisions be added as amendments to part 36:
Insuring that those seeking appointment as guardians have not been convicted of a crime and/or those seeking appointment as the guardian of a child have not been found responsible for child abuse or neglect nor has anybody in his or her household.
1. A proposed guardian or newly appointed guardian shall be directed to appear for fingerprinting pursuant to an agreement between the New York State Division of Criminal Justice Services and the New York State Unified Court System in conjunction with these rules.
A. A petition for the appointment of a guardian of an infant must show whether the petitioner has knowledge that a person nominated to be a guardian therein, or any individual 18 years of age or over who resides in the home of the proposed guardian is a subject of an indicated report, as such terms are defined in section 412 of the Social Services Law, filed with the statewide Central Register of Child Abuse and Maltreatment pursuant to title 6 of article 6 of the Social Services Law, or has been the subject of or the respondent in a child protective proceeding commenced under article 10 of the Family Court Act, which *586 proceeding resulted in an order finding that the child is an abused or neglected child.[2]
B. The court shall inquire of the Department of Social Services and the department shall inform the court whether a person nominated to be a guardian of such infant, or any individual 18 years of age or over who resides in the home of the proposed guardian is a subject of an indicated report, as such terms are defined in section 412 of the Social Services Law, filed with the statewide Central Register of Child Abuse and Maltreatment pursuant to title 6 of article 6 of the Social Services Law.[3]
C. When the court is informed that the infant, a person nominated to be a guardian of such infant, the petitioner, or any individual 18 years of age or over who resides in the home of the proposed guardian is a subject of or another person named in an indicated report, as such terms are defined in section 412 of the Social Services Law, filed with the statewide Central Register of Child Abuse and Maltreatment pursuant to title 6 of article 6 of the Social Services Law or is or has been the subject of or the respondent in or a party to a child protective proceeding commenced under article 10 of the Family Court Act which resulted in an order finding that the child is an abused or neglected child the court shall obtain such records regarding such report or proceeding as it deems appropriate and shall give the information contained therein due consideration in its determination.[4]
D. Where a report has now been received from the statewide Central Register of Child Abuse and Maltreatment which raises the possibility that the infant’s guardian or proposed guardian is ineligible to serve as the fiduciary, the following order shall issue:
(i) The court directs that the said guardian or proposed guardian present himself/herself at the office of the Guardianship Clerk of this court within 45 days of the date hereof so that (s)he may be fingerprinted. If the guardian/proposed guardian fails to be fingerprinted within the time provided, this decision will constitute the order of the court revoking his/her guardianship or proposed guardianship for failure to obey an order of the court. The Guardianship Clerk is directed to mail a copy of this decision and order to the guardian or proposed guardian at the address set forth in the petition or in his/her designation. The *587 Guardianship Clerk is directed to place the report of the New York State Central Register of Child Abuse and Maltreatment in a sealed file which is cross-referenced to the guardianship file.
Conclusions of Law
1. After examination of the documents submitted, the testimony provided, and the court evaluator’s report, this court finds that it would be in the best interest of the person to appoint an independent guardian. Carl Lucas, Esq. is eligible for appointment as guardian under Mental Hygiene Law § 81.19, is best suited to exercise the powers necessary to assist the person, and is hereby appointed the guardian of the person and property.
2. The guardian shall afford the person the greatest amount of independence and self-determination with respect to her personal needs and property management in light of the person’s functional level, understanding and appreciation of her functional limitations.
3. The guardian is granted the following powers necessary and sufficient to provide for the personal needs of the person:
(a) to determine who should provide personal care or assistance;
(b) to make decisions regarding the social environment and other social aspects of the life of the person;
(c) to choose the place of abode for the person, including, but not limited to nursing home or community residence;
(d) to apply for government and private benefits on behalf of the person;
(e) to authorize access to or release of confidential records;
(f) to consent to or refuse generally accepted routine or major medical or dental treatment subject to the provisions of subdivision (e) of section 81.29 of this article dealing with life sustaining treatment; the guardian shall make treatment decisions consistent with the findings herein pursuant to Mental Hygiene Law § 81.15 and in accordance with the person’s wishes, including the person’s religious and moral beliefs, or if the person’s wishes are not known, and cannot be ascertained with reasonable diligence, in accordance with the person’s best interests, including a consideration of the dignity and uniqueness of every person, the possibility and extent of preserving the person’s life, the preservation, improvement or restoration of the person’s *588 health or functioning, the relief of the person’s suffering, the adverse side effects associated with the treatment, any less intrusive alternative treatments, and such other concerns and values as a reasonable person in the person’s circumstances would wish to consider;
(g) to determine whether the person should travel;
(h) to defend or maintain any civil judicial proceeding, including but not limited to the filing of a medical malpractice lawsuit in favor of the person, if warranted;
4. The guardian of the property is granted the following powers necessary and sufficient to provide for the management of the person’s assets:
(a) the guardian shall be allowed to make reasonable expenditures from the person’s assets, for the purpose of providing support of the person in the event the annual income is insufficient to meet the person’s needs;
(b) to marshal and invest the person’s assets in investments eligible by law for investment of trust funds and to dispose of investments so made and reinvest the proceeds as so authorized; on information and belief, ascertain the facts and circumstances surrounding a proceeding that may be related to this one now pending in the Bronx County Surrogate’s Court;
(c) to pay any existing debts or claims which have been proven to the satisfaction of the guardian as being properly due and owing;
(d) to preserve, protect and account for such property faithfully; to retain or employ attorneys, accountants or other professionals to assist in the performance of the duties of the guardian. However, payment of fees to such persons shall only be paid with prior approval of the court;
(e) the guardian of the property may not alienate, mortgage, lease or otherwise dispose of real property without the specific direction of the court obtained upon proceedings taken for that purpose as prescribed in article 17 of the Real Property Actions and Proceedings Law, provided however, that without instituting such proceedings, the guardian of the property may, without the authorization of the court, lease any real property for a term not exceeding five years;
(f) to pay funeral expenses.
5. Perform all other duties required by law.
6. These powers constitute the least restrictive form of intervention consistent with the person’s functional limitations.
*589 7. The bond which is normally required pursuant to Mental Hygiene Law § 81.25 is hereby waived at this time as the person will have very little funds left over after the costs of this proceeding and other outstanding bills are paid.
However upon securing the proceeds from the lawsuit aforementioned in provision 3 (h) above, the guardian shall, pursuant to Mental Hygiene Law § 81.25, file a bond with sufficient sureties, conditioned that said guardian will, in all things, faithfully discharge the trust imposed herein, obey all the directions of the court in respect to that trust, make and render a true and just account of all monies and other properties received pursuant to the authority granted herein and the application thereof, and of all acts performed in the administration of the trust imposed herein whenever required to do so by the court, and will file the designation required by section 81.25 of the Mental Hygiene Law The amount of the bond shall be the total value of the person’s assets.
8. The guardian shall receive as compensation for performing his duties that compensation as is provided under section 81.28 of the Mental Hygiene Law and as approved by the court.
9. The court evaluator may make application to this court for her fee to be paid out of the proceeds of the person’s assets.
10. The guardian shall file an initial report and annual report, in accordance with Mental Hygiene Law §§ 81.30 and 81.31, with the Guardianship Department of Bronx County, 851 Grand Concourse, Bronx, New York.
11. Petitioner is directed to submit an order and judgment, with a copy of this decision, in accordance with Mental Hygiene Law § 81.16 (c) and the guardian is directed to file his designation in accordance with Mental Hygiene Law § 81.26. Said order and judgment shall be filed no later than 30 days from the date of the entry of this decision.

. “No person convicted of a felony, or for five years following the date of sentencing after conviction of a misdemeanor (unless otherwise waived by the Chief Administrator upon application), shall be appointed unless that person receives a certificate of relief from disabilities.” (22 NYCRR 36.2 [c] [7].)

. See, Surrogate’s Court Procedure Act § 1704.

. See, Surrogate’s Court Procedure Act § 1706.

. See, Surrogate’s Court Procedure Act § 1707.