■ In the Matter of MARILYN F., Appellant. SELFHELP COMMUNITY SERVICES, INC., Respondent. (Proceeding No. 1.) In the Matter of MURRAY F., Appellant. SELFHELP COMMUNITY SERVICES, INC., Respondent. (Proceeding No. 2.) [818 NYS2d 467]—

In separate proceedings pursuant to Mental Hygiene Law article 81 to appoint guardians for the person and property of Marilyn F. and Murray F., respectively, the incapacitated persons, Marilyn F. and Murray F., appeal from an order of the Supreme Court, Kings County (Cutrona, J.), dated April 11, 2005, which, after a hearing, denied their motion to remove SelfHelp Community Services, Inc., as guardian and appoint Joseph Bono as guardian and discharged Mental Hygiene Legal Service from further representing them.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in determining that there was no just cause to remove SelfHelp Community Services, Inc. (hereinafter SelfHelp), as the guardian for the person and property of Marilyn F. and Murray F., the incapacitated persons (see Mental Hygiene Law § 81.35; Matter of Arnold O., 226 AD2d 866, 868-870 [1996]). The record provides ample support for the Supreme Court's finding that SelfHelp "more than adequately fulfilled its responsibilities" as guardian by stabilizing the living conditions and financial situation of the incapacitated persons, thereby enabling them to avoid eviction from their rent-stabilized apartment and to continue living independently within their means. Under the particularly challenging circumstances presented, the Supreme Court providently determined that, although a brother-in-law of the incapacitated persons was willing to assume the role of guardian, it would not be in the best interests of the incapacitated persons to substitute him as guardian in place of SelfHelp (see Matter of Wynn, 11 AD3d 1014 [2004]; Matter of Gustafson, 308 AD2d 305, 307-309 [2003]). Nor did the Supreme Court exceed its authority in terminating its previous appointment of Mental Health Legal Service to represent the incapacitated persons. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.