■ In the Matter of CAROL C., Appellant. VERNA EGGLESTON, Respondent. [837 NYS2d 321]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian of the person and property of Carol C., an alleged incapacitated person, Carol C. appeals (1), by permission, from an order of the Supreme Court, Kings County (Lewis, J.), dated January 19, 2006, which, after a hearing, inter alia, authorized the temporary guardian to sell her house in Brooklyn and purchase a condominium or co-operative apartment in which she would reside, and (2) from so much of an amended order of the same court, dated August 14, 2006, as, after a hearing, denied her motion to remove Helen L. Wells as temporary guardian.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the amended order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly concluded that selling the ap-

pellant's home and relocating her to a condominium or co-operative apartment represented the least restrictive form of intervention and that, even considering the appellant's desire to remain in her home, it was not a reasonable plan for the management of the appellant's affairs for her to continue to reside in her home. The Supreme Court thus providently exercised its discretion in authorizing the temporary guardian to undertake such actions (*see* Mental Hygiene Law §§ 81.01, 81.22 [a] [9]; *Matter of Marion A.W.*, 4 AD3d 432, 433 [2004]).

The Supreme Court also providently exercised its discretion in determining that there was no just cause to remove the temporary guardian (*see* Mental Hygiene Law § 81.35; *Matter of Marilyn F.*, 31 AD3d 760 [2006]). The record provides ample evidence that the temporary guardian acted within her powers and adequately fulfilled her responsibilities (*see Matter of Dunsmoor*, 24 AD3d 1218 [2005]). Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.