■ In the Matter of Francis M., a Person Alleged to be Incapacitated. James M., Respondent; Bernard M., Also Known as Donald M., Appellant. (And Another Related Proceeding.) [870 NYS2d 596]—

Lahtinen, J. Appeal from an amended judgment of the Supreme Court (Nichols, J.), entered October 15, 2007 in Columbia County, which, among other things, in a proceeding pursuant to Mental Hygiene Law article 81, granted James M.'s motion to remove Bernard M. as the coguardian of the person and property of Francis M.

In 1997, Bernard M. and James M. were appointed pursuant to Mental Hygiene Law article 81 as coguardians of the person and property of their brother, Francis M. Two standby guard-

ians were also named, Patricia M. (another sibling) and Joann M. (wife of James). Francis, who is mildly mentally retarded and in his late 60s, had lived with his mother until her death in 1996. Two trusts were established to help provide for Francis, one by his mother and one by his uncle, and each named Bernard as trustee. It is undisputed that, as between Bernard and James, Bernard undertook virtually all the responsibilities of the coguardianship. However, disagreements developed between the two regarding the care of Francis; particularly James's concerns that Bernard allegedly consistently treated Francis in a demeaning fashion and that Francis had purportedly expressed his desire that Bernard not continue as his guardian. Bernard and James attempted to resolve their differences through mediation, but were unsuccessful. In 2006, each made a motion to remove the other pursuant to Mental Hygiene Law § 81.35.

A hearing ensued during which numerous witnesses testified over several days. Supreme Court made detailed findings of fact and conclusions of law, including that Francis continued to be an incapacitated person who needed a guardian of his person and property, but that neither Bernard nor James was appropriate for that role for a host of reasons. The court thus granted both motions and removed both brothers as guardians. One of the standby guardians, Patricia, had withdrawn from consideration, resulting in the court appointing the other standby guardian, Joann, as Francis's guardian. The court also continued the appointment of Francis's attorney, Carl Whitbeck Jr., for the purpose of providing Francis a means to petition the court should his circumstances require further judicial intervention. Bernard appeals.

Bernard initially argues that the evidence was inadequate to justify removing him as a guardian. Grounds for removal include failing to comply with an order, misconduct, or "any other cause which to the court shall appear just" (Mental Hygiene Law § 81.35; *see Matter of Dunsmoor*, 24 AD3d 1218, 1218 [2005], *lv denied* 7 NY3d 704 [2006]; *Matter of Arnold O.*, 226 AD2d 866, 868 [1996], *lv denied* 88 NY2d 810 [1996]). The trial court is accorded considerable discretion in determining whether a guardian should be replaced and an overarching concern remains the best interest of the incapacitated person (*see Matter of Von Bulow*, 63 NY2d 221, 224 [1984]; *Matter of Gustafson*, 308 AD2d 305, 307 [2003]; *Matter of Garett YY.*, 258 AD2d 702, 703 [1999]).

The record establishes that Bernard visited Francis regularly, he was attentive to his brother's physical needs and he kept adequate account of Francis's pertinent financial matters. Never-

theless, Francis's condition, while requiring a guardian, was not such that he was unable to express his concerns and desires. And, in such regard, there was proof found credible by Supreme Court that Francis repeatedly indicated that Bernard used his guardianship powers to treat him in ways that were demeaning and condescending. The court-appointed evaluator related many instances described to her by Francis of belittling treatment, the evaluator noted that Francis consistently stated to her that he preferred to have Bernard removed as a guardian, and she observed that Francis was relaxed only when Bernard was not present. Further proof of the negative effect on Francis caused by Bernard's manner of treating him was supplied by testimony from a social worker assigned to Francis as well as other family members. Although there was also proof painting a more positive picture of the relationship between Francis and Bernard, we defer to the credibility determination of the trial court, which had the opportunity to view the witnesses. Accepting those determinations, we are unpersuaded that Supreme Court abused its discretion in finding just cause for removal and that such removal reflected the best interest of Francis.

Next, we consider Bernard's contention that it was error to appoint Joann as guardian. Bernard argues that he was not afforded ample notice that Joann was a potential guardian and, thus, did not have an opportunity to examine her. The lack of notice argument is unpersuasive since both coguardians were subject to removal motions (with the concomitant possibility of both being removed) and Joann had been appointed in 1997 as one of the standby guardians. Pursuant to Mental Hygiene Law § 81.38 (b), a standby guardian can become the new guardian and the statutory language provides that "the court *may* conduct a hearing" (emphasis added), which connotes discretion regarding a further hearing. Here, during the underlying removal proceeding, Joann had been present and testified. Under the circumstances, reversible error did not occur.

The remaining arguments have been considered and found unavailing.

Peters, J.P., Spain, Kane and Kavanagh, JJ., concur. Ordered that the amended judgment is affirmed, without costs.