■ In the Matter of JOSHUA H. GRACE N., Nonparty Appellant; CHRISTOPHER R. et al., Respondents. [880 NYS2d 645]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Joshua H., an incapacitated person, nonparty Grace N., the former successor guardian of the person and property of Joshua H. and the former trustee of a supplemental needs trust established for the benefit of Joshua H., appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Thomas, J.), dated April 7, 2008, which, after a hearing, inter alia, removed her as the successor guardian of the person and property of Joshua H. and as the trustee of the supplemental needs trust established for the benefit of Joshua H., and appointed his mother, Carol S., as the substitute successor guardian and trustee.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant was the court-appointed successor guardian of the person and property of an incapacitated person, and the trustee of a supplemental needs trust established for the benefit of that person. Pursuant to her statutory duties in this regard, she submitted an annual report for the year 2006. Thereafter, the court examiner determined that the appellant had improperly removed funds from the incapacitated person's supplemental needs trust account (hereinafter the trust account) in order to pay herself. The court examiner recommended that the Supreme Court hold a hearing on the matter. After that hearing was conducted, the court removed the appellant as successor guardian and trustee.

"In selecting a guardian for an incapacitated person, the primary concern is the best interests of the incapacitated person" (*Matter of Audrey D.*, 48 AD3d 806, 807 [2008]; *see Matter of Flight*, 8 AD3d 977 [2004]; *Matter of Gustafson*, 308 AD2d 305, 306 [2003]; *Matter of Rudick*, 278 AD2d 328, 329 [2000]). The appointment of a family member is preferable, but if a suitable family member is not available, it is within the court's discretion to appoint an outsider (*see Matter of Audrey D.*, 48 AD3d at 807; *Matter of Ardelia R.*, 28 AD3d 485, 487 [2006]; *Matter of Gustafson*, 308 AD2d at 306; *Matter of Joseph V.*, 307 AD2d 469, 471 [2003]).

A guardian may be removed when "the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just" (*Matter of Mary*

*Alice C.,* 56 AD3d 467, 468 [2008], quoting Mental Hygiene Law § 81.35). "The trial court is accorded considerable discretion in determining whether a guardian should be replaced" *(Matter of Francis M.,* 58 AD3d 937, 938 [2009]; *see Matter of Carol C.,* 41 AD3d 474, 475 [2007]).

Here, the court properly determined that removal of the appellant as guardian and trustee was necessary because she improperly took funds from the trust account to pay herself compensation for her guardianship duties. The record reveals that there was no court order which permitted the appellant to remove funds for such purpose. Indeed, the court directly addressed this issue with the appellant at the hearing. Although the appellant seemed to insist that she only took a sum of money permitted by an order dated October 11, 2006, the court explained to the appellant that she misinterpreted the order, that the order did not grant her the right unilaterally to take the subject compensation from the trust account, and that she had been told "20 times" to "put the money back" into the account. Nonetheless, the appellant, in effect, refused to return the disputed funds to the trust account.

Under these circumstances, the Supreme Court providently exercised its discretion in removing the appellant as the successor guardian and trustee *(see* Mental Hygiene Law § 81.35; *Matter of Francis M.,* 58 AD3d 937 [2009]; *Matter of Carol C.,* 41 AD3d 474 [2007]), and appointing the mother of the incapacitated person as the substitute successor guardian and trustee.

The appellant's remaining contentions are without merit. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.