■ In the Matter of CARMEN H. THOMAS H., Appellant; GRACE H., Respondent; ANTHONY J. LAMBERTI, Guardian ad Litem, Respondent. MENTAL HYGIENE LEGAL SERVICE et al., Nonparty Respondents. [935 NYS2d 516]—

A guardian may be removed pursuant to Mental Hygiene Law § 81.35 when " 'the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just' " (Matter of Mary Alice C., 56 AD3d 467, 468 [2008], quoting Mental Hygiene Law § 81.35; see Matter of Joshua H., 62 AD3d 795, 796 [2009]). " 'The trial court is accorded considerable discretion in determining whether a guardian should be replaced' " (Matter of Joshua H., 62 AD3d at 797, quoting Matter of Francis M., 58 AD3d 937, 938 [2009]; see Matter of Carol C., 41 AD3d 474, 475 [2007]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was pursuant to Mental Hygiene Law § 81.35 to remove Grace H. as guardian of the person of Carmen H. (see Mental Hygiene Law § 81.35; Matter of Mary Alice C., 56 AD3d at 468; Matter of Dunsmoor, 24 AD3d 1218, 1218-1219 [2005]; Matter of Arnold O., 226 AD2d 866, 869 [1996]; cf. Matter of Joshua H., 62 AD3d at 797). In support of that branch of his motion, the appellant offered only conclusory allegations of misconduct by Grace H., which were insufficient to warrant her removal as guardian (see Matter of Mary Alice C., 56 AD3d at 468; Matter of Arnold O., 226 AD2d at 869).

The appellant's remaining contentions are without merit. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.