■ In the Matter of Solomon R. Michael R., Respondent; Usher P., Nonparty Appellant. [999 NYS2d 435]—

In a proceeding pursuant to Mental Hygiene Law article 81, nonparty Usher P. appeals from an order of the Supreme Court, Queens County (Mayersohn, J.), dated October 12, 2012, which, in effect, denied his motion to remove Michael R. as guardian of the person and property of Solomon R. pursuant to Mental Hygiene Law § 81.35, to impose a constructive trust on certain funds of Solomon R. that were transferred to Solomon R.'s family pursuant to an order of the same court (Thomas, J.) dated September 29, 2005, and for a hearing on the issue of the adequacy of the care being provided to Solomon R.

Ordered that the order dated October 12, 2012, is affirmed, with costs.

The Supreme Court providently exercised its discretion by, in effect, denying that branch of the appellant's motion which was to remove Michael R. as guardian of the person and property of Solomon R. pursuant to Mental Hygiene Law § 81.35 (*see* Mental Hygiene Law § 81.35; *Matter of Mary Alice C.*, 56 AD3d 467 [2008]; *Matter of Dunsmoor*, 24 AD3d 1218, 1218-1219 [2005]; *Matter of Arnold O.*, 226 AD2d 866, 869 [1996]; *cf. Matter of Joshua H.*, 62 AD3d 795, 797 [2009]). The appellant's allegations of misconduct are either conclusory or concern minor deficiencies in the guardian's performance that have not prejudiced Solomon R.'s interests and do not warrant his removal as guardian (*see Matter of Perl [Evans]*, 77 AD3d 525 [2010]; *Matter of Mary Alice C.*, 56 AD3d at 468; *Matter of Arnold O.*, 226 AD2d at 869).

The Supreme Court also, in effect, properly denied that branch of the appellant's motion which was to impose a constructive trust on certain funds of Solomon R. that were transferred to Solomon R.'s family pursuant to an order of the same court dated September 29, 2005. The appellant failed to offer sufficient evidence to satisfy the elements generally needed for the imposition of a constructive trust (*see Tyree v Henn*, 109 AD3d 906 [2013]), or to demonstrate that a constructive trust is necessary in this case to satisfy the demands of justice (*see Latham v Father Divine*, 299 NY 22 [1949]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.