■ In the Matter of Helen S., Respondent. Marisa Falero, Nonparty Appellant. [13 NYS3d 516]—

In a proceeding pursuant to Mental Hygiene Law article 81, nonparty Marisa Falero appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Mayersohn, J.), dated October 21, 2014, as after a hearing, denied that branch of her motion which was to disqualify Lynne Vaughan from her appointment as Geriatric Care Manager for Helen S. and granted that branch of the cross motion of Helen S. which was pursuant to Mental Hygiene Law § 81.35 to remove her as guardian of the person and property of Helen S.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the cross motion of Helen S. which was pursuant to Mental Hygiene Law § 81.35 to remove Marisa Falero as guardian of her person and property. A guardian may be removed pursuant to Mental Hygiene Law § 81.35 when " 'the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just' " (*Matter of Mary Alice C.*, 56 AD3d 467, 468 [2008], quoting Mental Hygiene Law § 81.35; *see Matter of Carmen H. [Thomas H.—Grace H.]*, 90 AD3d 1049 [2011]; *Matter of Joshua H.*, 62 AD3d 795, 796 [2009]). "The trial court is accorded considerable discretion in determining whether a guardian should be replaced," and the "overarching concern remains the best interest of the incapacitated person" (*Matter of Francis M.*, 58 AD3d 937, 938 [2009]; *see Matter of Joshua H.*, 62 AD3d at 797; *Matter of Carol C.*, 41 AD3d 474, 475 [2007]).

Here, Helen S. testified that Falero "yelled" and "screamed" at her and threatened her, and that when she sees Falero she gets "very nervous, very upset. My stomach hurts. My body shakes all over and I have to throw up." She testified unequivocally that she did not want Falero to continue as her guardian. The Supreme Court, which had the opportunity to view the witnesses, credited the testimony of Helen S. regarding the deterioration of her relationship with Falero, and the record

provides ample support for its determination that just cause existed for Falero's removal and replacement (*see* Mental Hygiene Law § 81.35; *see Matter of Joshua H.*, 62 AD3d at 796; *Matter of Francis M.*, 58 AD3d at 938-939).

Falero's remaining contentions, including her contention that the cross motion to remove her as guardian was improperly made and that the Supreme Court improvidently exercised its discretion in appointing Lynne Vaughan as the Geriatric Care Manager for Helen S., are without merit.

Accordingly, we affirm the order insofar as appealed from. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.