Matter of Agam S. B.-L. (Janna W.--Richard P.) (2021 NY Slip Op 05854)





Matter of Agam S. B.-L. (Janna W.--Richard P.)


2021 NY Slip Op 05854


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2021-02063
 (Index No. 32074/16)

[*1]In the Matter of Agam S. B.-L. (Anonymous). Janna W. (Anonymous), appellant; Richard P. (Anonymous), respondent-respondent, et al., respondent.


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Anthony DeCarolis PLLC, Oyster Bay, NY, for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Janna W. appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated September 29, 2020. The order, without a hearing, denied that branch of Janna W.'s motion which was pursuant to Mental Hygiene Law §§ 81.35 and 81.36 to remove the father as guardian of the person and property of Agam S. B.-L. and to appoint Janna W. as successor guardian, or, in the alternative, to appoint Janna W. as coguardian for the personal needs and property management of Agam S. B.-L.
ORDERED that the order is affirmed, with costs.
On February 10, 2017, Agam S. B.-L. (hereinafter Agam) was found to be an incapacitated person as defined in Mental Hygiene Law § 81.02(b). Richard P., Agam's father, was appointed as the guardian of Agam's person and property (see Matter of Agam S.B.-L. [Janna W.], 169 AD3d 1028). Agam resides in a residential living facility run by the Jewish Board of Family and Children's Services (hereinafter Jewish Board). The appellant, Agam's mother, visited Agam at that facility twice a week until February 20, 2020, when the Jewish Board suspended her visitation indefinitely because she allegedly failed to comply with facility rules and was aggressive toward the staff. The appellant moved to restore visitation with Agam, to remove the father as guardian of Agam's person and property and to be appointed as Agam's successor guardian, or to be appointed coguardian with the father. A hearing was held on that branch of the motion which was to restore the appellant's visitation with Agam, and that branch of the motion was resolved. The Supreme Court subsequently issued an order with respect to the remainder of the appellant's motion on September 29, 2020, denying that branch of the motion which was to either remove Richard P. as the guardian of Agam's person and property and to appoint the appellant as successor guardian, or to appoint her as coguardian. We affirm.
A motion to remove a guardian of the person and property of an incapacitated person pursuant to the Mental Hygiene Law is addressed to the sound discretion of the Supreme Court (see Matter of Ida M. [Gino M.-Buonincontri], 171 AD3d 1069; Matter of Solomon R. [Michael R.], 123 AD3d 934). "The trial court is accorded considerable discretion in determining whether a guardian [*2]should be replaced" (Matter of Francis M., 58 AD3d 937, 938), and the "overarching concern remains the best interest of the incapacitated person" (id. at 938; see Matter of Helen S. [Falero], 130 AD3d 834).
The Supreme Court providently exercised its discretion in this case by denying, without a hearing, that branch of the appellant's motion which was pursuant to Mental Hygiene Law §§ 81.35 and 81.36 to remove Richard P. as guardian of the person and property of Agam and to appoint her as successor guardian, or to appoint her as coguardian. The appellant's allegations of misconduct were either conclusory or concerned minor deficiencies in the guardian's performance that did not prejudice Agam's interests and did not warrant Richard P.'s removal as guardian (see Matter of Ida M. [Gino M.-Buonincontri], 171 AD3d at 1069; Matter of Solomon R. [Michael R.], 123 AD3d at 935). Moreover, there is nothing in the record to suggest that Richard P. required the appointment of a coguardian to assist him in the discharge of his guardianship duties (see Matter of Bertha W., 1 AD3d 603), and the court properly determined that the requested coguardian arrangement could be inimical to Agam's welfare.
Moreover, since the appellant's allegations in support of the motion were insufficient to raise an issue of fact as to whether Richard P. engaged in misconduct or failed to comply with an order of the court, a hearing on that branch of the motion which sought his replacement or the appointment of a coguardian was not required (see Mental Hygiene Law §§ 81.35, 81.36; cf. Matter of Charles F., 242 AD2d 297).
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court