Matter of Schellace (Bressingham) (2025 NY Slip Op 25190)

[*1]

Matter of Schellace (Bressingham)

2025 NY Slip Op 25190

Decided on August 19, 2025

Supreme Court, Nassau County

Knobel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 19, 2025
Supreme Court, Nassau County

In the Matter of the Removal of Frank Schellace Guardian of the Property and Person of Bertha Bressingham A Deceased Incapacitated Person.

Index No. 133307/2019

Frank Schellace, Esq.
Former Guardian
355 Post Avenue, Suite 204
Westbury, NY 11590
(516) 240-0041
JudgeFrank1@gmail.com
Steven Leventhal, Esq.
Counsel to Former Guardian
15 Remsen Avenue
Roslyn, NY 11576
(516) 484-5440
Steven@LMBEsq.com
Todd Houslanger
Court Examiner/Referee
372 New York Ave
Huntington, NY 11743
(631) 427-1140
TEH@Toddlaw.com
Joshua Liebman, Esq.
Receiver
400 Garden City Plaza, Ste 403 Garden City, NY 11530
(516) 747-7400
JLeibman@RosenbergLLP.com

Gary F. Knobel, J.

Papers considered
Order to show cause by court examiner dater July 7, 2025 1
Upon the foregoing papers, and after a hearing conducted on July 31, 2025, the motion by the Court Examiner for an order pursuant to Mental Hygiene Law § 81.35 removing respondent Frank Schellace, Esq., as guardian, and for the appointment of a receiver, is granted in its entirety.
A guardian may be removed pursuant to Mental Hygiene Law § 81.35 when " 'the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just' " (Matter of Mary Alice C., 56 AD3d 467, 468, 867 NYS2d 138 [2008], quoting Mental Hygiene Law § 81.35; see Matter of Carmen H. [Thomas H.—Grace H.], 90 AD3d 1049, 935 NYS2d 516 [2011]; Matter of Joshua H., 62 AD3d 795, 796, 880 NYS2d 645 [2009])" (Matter of Helen S. (Falero), 130 AD3d 834, 834).
The hearing was conducted via a hybrid virtual setting with the Court and Special Referee present in the courtroom, and Mr. Schellace appearing virtually from the Suffolk County Correctional Facility located in Riverhead, New York, where he is serving a sentence for a misdemeanor conviction of driving while intoxicated. At the beginning of the hearing, Mr. Schellace, who worked for many years as a principal law clerk and as a special referee in the Supreme Court of Nassau County, declined the suggestion by the court examiner to consent to his removal as guardian, and instead contested the application. Consequently, the Court then heard testimony by Court Examiner Todd Houslanger, Esq., Special Referee Tracy Auguste, Esq., as well as Mr. Schellace, who appeared with counsel; Mr. Schellace testified in the narrative before he was asked questions by Mr. Houslanger and Ms. Auguste. 
The testimony adduced at the hearing clearly demonstrated that Mr. Schellace did not properly fulfill his fiduciary obligations as guardian to Bertha Bressingham, the deceased incapacitated person, by marshalling and protecting her assets, including ascertaining who was residing legally or illegally in her house, and visiting with Bertha in accordance with the order and judgment. In addition, Mr. Schellace did not notify the Court about Bertha's death for two years, and he failed to comply with the statutory requirement to submit annual accountings. A final account has yet to be submitted.[FN1]

Even though the evidence is overwhelming that Mr. Schellace breached his fiduciary obligations to Bertha, Mr. Schellace's removal is mandated by the Part 36 Rules of the Chief Judge, which specifically states in Section 36.2[c][7] that "[n]o person convicted of a felony, or for five years following the date of sentencing after conviction of a misdemeanor (unless otherwise waived by the Chief Administrator upon application), shall be appointed unless that person receives a certificate of relief from disabilities" (22 NYCRR §36.2[c][7] [emphasis added]; see Matter of S.M., 13 Misc 3d 582 [Sup. Ct. Bronx 2006]; see generally Matter of [*2]Ernestine R., 61 AD3d 874 [2d Dept. 2009]).
As indicated above, Mr. Schellace is currently incarcerated in the Riverhead Correctional Facility located in Suffolk County. During his testimony, Mr. Schellace stated on the record that he pled guilty to the separate Nassau County and Suffolk County driving while intoxicated matters, receiving misdemeanor convictions on both, and was sentenced to a year incarceration on one of the matters. He testified that he will be serving out his sentence on the Nassau County conviction in the Nassau County Correctional Facility and that he expects to be released on or about December 4, 2025. Despite Mr. Schellace's insistence that he should continue as guardian and that he will compile and file the final account shortly after he is released,[FN2]
he is barred from serving as a Part 36 fiduciary pursuant to 22 NYCRR 26.2(c)(7) for a period of five years from the date of his misdemeanor sentencing, unless one of the exceptions applies.[FN3]

Accordingly, it is hereby
ORDERED, that the motion by the court examiner to remove Frank Schellace, Esq., as guardian of the personal needs and property management of Bertha Bressingham, is granted; and it is further 
ORDERED, that Joshua Liebman, Esq. (FID# 107663), 400 Garden City Plaza, Ste 403, Garden City, NY 11530, (516) 747-7400, JLiebman@RosenbergLLP.com, is appointed as receiver to: (1) marshall all assets, including real and personal property, belonging to Bertha Bressingham; (2) investigate the ownership status of Bertha's former residence; and (3) investigate and seize, using Bertha's social security number and obtaining subpoenas from this Court, all cash assets which individuals, entities and institutions may have in their possession which are or were the property of Bertha Bressingham from the time she was found to be incapacitated through the present time; and it is further
ORDERED that Court Examiner Todd Houslanger, Esq. shall remain as Court Examiner/Referee pursuant to the order dated January 13, 2025 (Knobel, J.), to work with the Receiver, and compute, report and state the final account on the guardianship of Bertha Bressingham.
The foregoing constitutes the decision and order of this Court.
ENTER
DATED: August 19, 2025
HON. GARY F. KNOBEL J.S.C.

Footnotes

Footnote 1:Todd Houslanger, Esq., was appointed to state and settle the final account on January 13, 2025, after Mr. Schellace's failure to do so.

Footnote 2:Mr. Schellace claimed during the hearing that only he could find his office file on the Bressingham guardianship.

Footnote 3:In view of the fact that Mr. Schellace is still serving his prison sentence, there is no possibility that he received a certificate of relief from disabilities; in addition, this Court is not in receipt of any waiver on behalf of Schellace from the Chief Administrative Judge of the Unified Court System, which would allow him to continue as a fiduciary.