Matter of Frank M. (Zita C.--Tara M. M.)

2026 NY Slip Op 02116

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Frank M. (Anonymous). Zita C. (Anonymous), appellant; Tara M. M. (Anonymous), respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-13241, (Index No. 3124/88)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

Laurence L. Love, JJ.

Falcon Rappaport & Berkman LLP, Mount Kisco, NY (David Simon of counsel), for appellant.

Enea, Scanlon & Sirignano (Abrams Fensterman, LLP, White Plains, NY [Daniel S. Alter], of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to the Mental Hygiene Law article 81, Zita C., the wife of Frank M., an incapacitated person, appeals from a judgment of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated July 29, 2024. The judgment, insofar as appealed from, upon a decision dated May 31, 2024, made after a hearing, granted that branch of the petition of Tara M. M. which was to remove Zita C. as guardian of the person and property of Frank M. and appointed a successor guardian.

ORDERED that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was to remove Zita C. as guardian of the person and property of Frank M. is denied.

In January 2023, the petitioner, Tara M. M., the daughter of Frank M. (hereinafter the incapacitated person), filed a petition, inter alia, to remove Zita C., the wife of the incapacitated person (hereinafter the wife), as guardian of his person and property. The petitioner alleged that the wife's health had deteriorated and that she can no longer appreciate the incapacitated person's needs nor appropriately act as his guardian. In 1987, the incapacitated person had suffered traumatic brain injury in a vehicular accident which, among other things, left him partially paralyzed and unable to manage his personal and financial affairs. In 1988, the wife was made the incapacitated person's conservator and in 2005, she became his guardian. In December 2022, the wife was temporarily hospitalized, which precipitated the petition, inter alia, to remove her as guardian of the person and property of the incapacitated person. In a judgment dated July 29, 2024, upon a decision dated May 31, 2024, made after a hearing, the Supreme Court, among other things, granted that branch of the petition and identified a successor guardian and the powers of his office. The wife appeals.

The determination "to remove a guardian of the person and property of an incapacitated person pursuant to the Mental Hygiene Law is addressed to the sound discretion of the Supreme Court" (Matter of Agam S.B.-L. [Janna W.—Richard P.], 198 AD3d 962, 963; see Matter of Ida M. [Gino M.—Buonincontri], 171 AD3d 1069). The "overarching concern remains the best interest of the incapacitated person" (Matter of Agam S.B.-L. [Janna W.—Richard P.], 198 AD3d [*2]at 963 [internal quotation marks omitted]; see Matter of Helen S. [Falero], 130 AD3d 834). "A guardian may be removed pursuant to Mental Hygiene Law § 81.35 when the guardian fails to comply with an order, is guilty of misconduct, or for any other cause which to the court shall appear just" (Matter of Carmen H. [Thomas H.—Grace H.], 90 AD3d 1049, 1049 [internal quotation marks omitted]; see Matter of Helen S. [Falero], 130 AD3d at 834).

Here, the Supreme Court improvidently exercised its discretion in removing the wife as guardian of the person and property of the incapacitated person (see Mental Hygiene Law § 81.35). The wife's temporary medical crisis that had precipitated the petition was resolved, and the petitioner failed to demonstrate that any of the wife's actions regarding the incapacitated person's care were a just cause for removal (see Matter of Agam S.B.-L. [Janna W.—Richard P.], 198 AD3d at 963; cf. Mental Hygiene Law §§ 81.20, 81.22; Matter of Helen S. [Falero], 130 AD3d at 834).

DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court